**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DONALD H. BRANDT, | § | No. 3:21-bk-31744-SHB |
| | § | Chapter 11 |
| Debtor. | § | |

**FIRST NATIONAL BANK OF ONEIDA'S PLAN OF REORGANIZATION**

First National Bank of Oneida ("FNBO") files this Plan of Reorganization (this "Plan") seeking repayment of debts by Donald H. Brandt (the "Debtor") pursuant to the terms of this Plan. As required by the Bankruptcy Code, this Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. This Plan states whether each class of claims or interests is impaired or unimpaired. This Plan provides the treatment each class will receive under the Plan. FNBO represents that everything in this Plan is true to the best of its knowledge.

The Debtor shall reorganize his finances by selling portions or all of his real property in order to pay two major secured creditors in full, maintain all current secured creditors payments, determine the proper amounts owed to specific creditors as set forth below, and pay the unsecured creditors over a period of five years. Should enough of the Debtor's real property not be sold by October 1, 2022, to pay Peoples Bank, N.A. ("Peoples") and FNBO (the "Foreclosing Creditors") in full by October 31, the Debtor shall offer all real property in which FNBO is secured at public auction no later than November 1, 2022. The real property in which Peoples is secured will be sold, if necessary, pursuant to the Agreed Order between it and the Debtor entered on April 19, 2022. If not first privately sold, real property shall be sold in the order as best determined by the auctioneer in its sole discretion until Peoples and FNBO are paid in full. Any liens attached to the Debtor's real property shall be paid from the proceeds of the sale (both private and at auction) in the order of priority of the liens. Once enough sales have occurred to pay Peoples' and FNBO's Class Two claims, any remaining property need not be sold so long as payments to other creditors are being timely made.

2230592v1

Exhibit A lists all of Debtor's real estate along with the lienholders on each particular property. Debtor shall place all of his real property for sale. The proceeds from any sale, after payment of reasonable closing costs, will be used to pay the lienholders in their order of priority. As an example, the Debtor is selling rental properties in Ohio. A motion will be filed to approve any sale. At closing, Peoples will be paid its lien. Any proceeds remaining after Peoples is paid would then be paid to FNBO, which holds a judgment lien secured by the Ohio property with a priority immediately behind Peoples. On the Ohio and Arizona properties, on which there is no mortgage or deed of trust, FNBO would receive all of the closing proceeds after satisfaction of reasonable closing costs based upon its first priority judgment lien.

The Debtor's secured debt consists of approximately $2,000,000 owed to the Class Two creditors, Peoples and FNBO. Approximately $1,800,000 is owed to Charlotte State Bank, Wells Fargo Home Mortgage, Select Portfolio Servicing, Sam Niswonger, Peoples Bank of the South, Ron Wiley, PHH, and Dempsey Lumpkins & Miller, collectively, on real property. Approximately $88,000 is owed to Kubota Credit on a tractor, Ford Credit on a truck, and a guaranty to TVA Credit Union on a truck. Approximately $20,000 is owed for real property taxes in Manatee County, Florida.

There is additional unsecured debt of approximately $137,000 owed to unsecured creditors as shown on Exhibit B.

There are four classes of creditors:

Class One is comprised of claims by taxing authorities. Claims held by governmental units of the type described in §507(a)(8) of the Bankruptcy Code will be paid in full, with interest at an annual rate of 4 percent, in equal monthly installments over a period beginning April 1, 2022, and ending upon full satisfaction of the debt.

| Class One consists of the Taxing Authorities | | | |
|---|---|---|---|
| **Description of Claim** | **Estimated Amount Owed** | **Date of Assessment** | **Treatment** |
| | | | |

2

2230592v1

| Manatee County Florida | $20,000.00 | 2018 | Payment | $266.80 |
| | | | Begin date | 4/01/22 |
| | | | End date | |
| | | | Interest rate % | 4% |

Class Two consists of Debtor's two major secured creditors, Peoples and FNBO. Class Two claims will be paid through the sale of real property upon which the members of Class Two have liens (the "Properties"). For the portion of the Properties on which Peoples has a first priority lien, the Agreed Order between Peoples and the Debtor entered on April 19, 2022, shall control until such time as Peoples is satisfied. For the portion of the Properties not governed by the aforementioned Agreed Order, Debtor shall have until October 1, 2022, to market and sell the Properties, including an executed sales agreement. As to those individual properties that are under an executed sales agreement by October 1, 2022, the Debtor shall have until October 7, 2022, to file his motion to sell, and until October 31, 2022, to close on the sale of said properties. If the closing does not occur on said individual properties by October 31, 2022, then they shall be auctioned as follows:

If any of the portion of the Properties on which Peoples has a first priority lien are not under a sales agreement by July 31, 2022, then as to each individual property, relief shall be granted and Peoples may proceed with auction on the individual property using auction company Kiko Auctions as directed in the Order entered on April 19, 2022.

Debtor shall have until October 1, 2022, to market and sell as many of the Properties subject to the FNBO judgment liens as necessary to satisfy in full all of FNBO's judgment liens, including an executed sales agreement. If in the aggregate, the proceeds from the Properties under sales agreements by October 1, 2022, will not satisfy FNBO's judgment liens in full, the Debtor will proceed to auction, using: Midwest Auctioneers & Realty, of Greenville, Ohio for the portion of the Properties located in Ohio; Ayers Auction & Real Estate of LaFollette, Tennessee for the portion of the Properties located in Tennessee; a reputable auction company to be approved by the Court for any portion of the Properties located in Florida; and, a reputable auction company to be approved by the Court for the portion of the

2230592v1

Properties located in Arizona.  The auctioneer(s) shall in its (their) sole discretion sell those portions of the Properties subject to the FNBO judgment liens in the manner and order calculated to satisfy all of FNBO's judgment liens as quickly and as efficiently as possible.  As to those individual properties under an executed sales agreement by October 1, 2022, the Debtor shall have until October 7, 2022, to file his motion to sell, and until October 31, 2022, to close on the sale of said properties.  If the closing does not occur on any of said individual properties by October 31, 2022, FNBO and the auctioneers shall in their sole discretion select additional properties subject to FNBO judgment liens and proceed to auction until the Class Two claims are paid in full by the proceeds.

Upon the satisfaction of their respective liens in full from the sales of any or all of the Properties, Class Two members shall release their liens and no further sales will be required.

| Class Two consists of the two Foreclosing Creditors | | | | |
|---|---|---|---|---|
| **Foreclosing Creditors** | **Estimated Amount Owed** | **Date of Assessment** | **Treatment** | |
| Secured claim of **Peoples Bank** Collateral Description=Duplexes in West Milton, Ohio, **Claims 30, 31, 32, 33, and 34**<br><br>Allowed secured amount= **$798,348.00** | No | Impaired | Payments Begin Date Interest rate Treatment of lien<br><br>Paid from proceeds of sale. Sale no later than 10-1-22 | $5,500.00 2-7-22 5.5% Retain lien |
| Secured claim of **First National Bank of Oneida — Claim 15 Judgment lien in Montgomery, Allen, Miami, and Darke Counties, Ohio, Campbell County, Tennessee, Pima County, Arizona, and Charlotte, Manatee, Sarasota, and Lee Counties Florida**<br><br>Allowed secured amount= **$1,230,627.00** | No | Impaired | Paid from proceeds of sale. Sale no later than10-1-22 | Retain lien |
| Secured claim of **First National Bank of Oneida — Claim 16 Judgment lien in Manatee, Charlotte, Lee, and Sarasota Counties, Florida**<br><br>Allowed secured amount= **$181,161.00** | No | Impaired | Paid from proceeds of sale. Sale no later than10-1-22 | Retain lien |

4

| | | | | | |
|---|---|---|---|---|---|
| Secured claim of **First National Bank of Oneida — claim 17** **Judgment lien in Manatee, Charlotte, Lee, and Sarasota Counties, Florida** Allowed secured amount= **$84,186.00** | No | Impaired | Paid from proceeds of sale. Sale no later than10-1-22 | | Retain lien |

Class Three consists of the secured creditors <u>other than</u> Peoples and FNBO. The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan. Debtor disputes the amount of the following claims: Wells Fargo claims 20 and 21, NRZ Shellpoint claim 29, US Bank (PHH) claim 10. The Debtor shall have 75 days from the date of confirmation to either reach an agreement with Wells Fargo claims 20 and 21, NRZ Shellpoint claim 29, US Bank (PHH) claim 10, or file an objection to the claimed amount. Under either scenario, the Debtor will make the monthly payments as set forth in the below chart. If the final number is different, the payment will be adjusted accordingly. All creditors in Class Three will maintain the original term of the loan.

| Class Three consists of Regular Secured Creditors | | | | |
|---|---|---|---|---|
| **Description** | Insider | Impaired or Not | Treatment | |
| *Secured claim of* **TVA Employees Credit Union** Collateral Description= **2021 Silverado** Allowed secured amount= $44,904.00 | No | Not | Guaranty of daughter's truck Payments begin Interest rate | Daughter makes Payment Retain lien Daughter makes payment 2 99% |
| *Secured claim of* **Sam Niswonger** Collateral Description=471-473 **Lyle —Claim 3** **West Milton, OH** Allowed secured amount= **$65,000.00** | No | Impaired | Land contract Payment Payments begin Interest Rate | $665.30 10-1-22 7% |
| *Secured claim of* **Charlotte State Bank** Collateral Description= Office property in Port Charlotte, Florida — **Claim** 4 Allowed secured amount= **$122,000.00** | No | Impaired | Payments Begin Date Interest Rate Treatment of Lien | $2,618.00 January 2022 5% Retain |

5

| | | | | |
|---|---|---|---|---|
| *Secured claim of* **Wells Fargo Home Mortgage (PHH) — Claim 19** Collateral Description= 778-780 Comanche, Tipp City, Ohio<br><br>Allowed secured amount=$117,000.00 | No | Impaired | Payments<br>Begin Date<br>Interest Rate<br>Treatment of Lien<br>Sale no later than<br>10-1-22 if necessary | $899.00<br>Current<br>3.57%<br>Retain |
| *Secured claim of* **Wells Fargo Home Mortgage (PHH) Claim 20** Collateral Description= Bradenton residence<br><br>Allowed secured amount=$626,445.00 | No | Impaired | Payments<br>Begin Date<br>Interest Rate<br>Treatment of Lien<br>Sale no later than<br>10-1-22 if necessary | $2,455.82<br>10-1-22<br>3.625%<br>Retain<br>Arrearage<br>tacked to<br>end of term |
| *Secured claim of* **Wells Fargo Home Mortgage (PHH) Claim 21** Collateral Description= Duplex Arcanum, Ohio Units 3 and 4<br><br>Allowed secured amount=$102,008.00 | No | Impaired<br><br>QUESTION AMOUNT | Payments<br>Begin Date<br>Interest Rate<br>Treatment of Lien<br>Sale no later than<br>10-1-22 if necessary | $386.42<br>10-1-22<br>3.5%<br>Retain<br>Arrearage<br>tacked<br>to end of term |
| *Secured claim of* **Wells Fargo Home Mortgage (PHH) — Claim 22** Collateral Description= Duplex Arcanum, Ohio Units 1 and 2 Allowed secured amount=$61,112.00 | No | Impaired | Payments<br>Begin Date<br>Interest Rate<br>Treatment of Lien<br>Sale no later than<br>10-1-22 if necessary | $352.91<br>10-1-22<br>3.98%<br>Retain |
| *Secured claim of* **NRZ - Shellpoint Claim 29** Collateral Description= 479-481 Lyle, West Milton, Ohio<br><br>Allowed secured amount=$116,497.00 | No | Impaired | Payments<br>Begin Date<br>Interest Rate<br>Treatment of Lien<br>Sale no later than<br>10-1-22 if necessary | $820.68<br>10-1-22<br>4.32%<br>Retain<br>Arrearage<br>tacked to end<br>of term |
| *Secured claim of* **US Bank c/o Select Portfolio Servicing — Claim 23** Collateral Description= 786-788 Tipp City, Ohio Allowed secured amount=$134,106.00 | No | Impaired | Payments<br>Begin Date<br>Interest Rate<br>Treatment of Lien<br>Sale no later than<br>10-1-22 if necessary | $920.63<br>Current<br>4.625%<br>Retain |
| *Secured claim of* **US Bank (PHH) Claim 8** Collateral Description= 429 and 431 Lyle, West Milton, Ohio Allowed secured amount=$174,707.00 | No | Impaired | Payments<br>Begin Date<br>Interest Rate<br>Treatment of Lien<br>Sale no later than<br>10-1-22 if necessary | $887.66<br>10-1-22<br>6.0%<br>Retain<br>Arrearage<br>tacked<br>to end of term |
| *Secured claim of* **Deutsche Bank (PHH) Claim 10** Collateral Description= 437- | No | Impaired | Payments<br>Begin Date<br>Interest Rate | $875.21<br>10-1-22<br>6.0% |

6

| | | | | |
|---|---|---|---|---|
| 439 Lyle, West Milton, Ohio Allowed secured amount=$108,272.00 | | | Treatment of Lien Sale no later than 10-1-22 if necessary | Retain Arrearage tacked to end of term |
| *Secured claim of* **Deutsche Bank (PHH) — Claim 13**  Collateral Description= 4500 Mahler, Huber Heights, Ohio  Allowed secured amount=$52,154.00 | No | Impaired | Payments Begin Date Interest Rate Treatment of Lien Sale no later than 10-1-22 if necessary | $518.66 Current 3.94% Retain |
| *Secured claim of* **US Bank c/o SPS — Claim 12**  Collateral Description= 832 and 834 Comanche Tipp City, Ohio  Allowed secured amount=$126,327.00 | No | Impaired | Payments Begin Date Interest Rate Treatment of Lien Sale no later than 10-1-22 if necessary | $813.87 Current 4.625% Retain |
| *Secured claim of* **Cole & Cole** Collateral Description= 202 W. 47th Ave, Unit 133, Bradenton, FL  Allowed secured amount=$10,000.00 | No | Impaired | Treatment of Lien: Paid from Proceeds of sale. Sale no later than 10-1-22 if necessary | Retain lien |
| *Secured claim of* **Peoples Bank of the South - Claim 9** Collateral Description= 351 White Lane, LaFollette, TN  Allowed secured amount=$119,395.00 | No | Impaired | Payments Begin Date Interest Rate Treatment of Lien Sale no later than 10-1-22 if necessary | $1,800 Current 6.00% Retain Arrearage tacked to end of term |
| *Secured claim of* **Ron Wiley** Collateral Description= 3454 Hancock Bridge, B6, North Ft. Myers, FL  Allowed secured amount=$42,000.00 | No | Impaired | Payments Begin Date Interest Rate | $599.50 Current 6% Retain lien |
| *Secured claim of* **Ron Wiley** Collateral Description= 2901 26th St., Apt. 214, Bradenton, FL  Allowed secured amount=$42,000.00 | No | Impaired | Payments Begin Date Interest Rate | $599.50 Current 6%  Retain lien |
| *Secured claim of* **Ford Credit** Collateral Description= 2021 F150  Allowed secured amount=$17,409.00 | No | Impaired | Payments Begin Date Interest Rate | $371.73 Current 5.9% |

2230592v1

| | | | | |
|---|---|---|---|---|
| *Secured claim of* **Dempsey Lumpkins & Miller**<br><br>Collateral Description=2 tracts, White Ln, LaFollette, TN<br><br>Allowed secured amount= $16,000.00 | No | Impaired | Payments<br>Begin Date<br>Interest Rate | When sold<br><br>0% |
| *Secured claim of* **Kubota Credit**<br>Collateral Description=tractor and attachments<br><br>Allowed secured amount= $28,088.00 | No | Impaired | Payments<br>Begin Date<br>Interest Rate | $355.44<br>Current<br>0% |

Class Four consists of unsecured claims. See attached Exhibit B. Class Four creditors shall receive 100 percent of their claim over five years following the confirmation date of the Plan. Payments shall be made in equal monthly installments of $2,283.00 on a pro rata basis. Alternatively, upon the sale of real property and after payment of secured creditors in order of priority and reasonable closing costs, if there should be any remaining proceeds from the sale, said balance shall be distributed to the unsecured creditors on a pro rata basis. However, if the Debtor fails to make two consecutive payments to any unsecured creditor, such creditor may immediately proceed to auction using the auction company identified as to the Class Two claims, above, for properties located in the same state, on any unencumbered property belonging to the Debtor, with proceeds of the sale going to secured creditors in order of priority (after reasonable closing costs) until the Debtor's payments to such creditor are paid in full. Should the sale of all of the Debtor's real estate not fully satisfy all creditors, no further payments will be made to any creditor and the Debtor shall be entitled to his discharge.

Melissa Terrazas has alleged that she is owed money by the Debtor. Ms. Terrazas' claim was listed in the Debtor's schedules as disputed. She has failed to file a proof of claim per 11 U.S.C. 1111(a), so no payment will be made to her.

2230592v1

Zachary Gravelle has not only alleged that he is owed money by Debtor, but has filed, released, and refiled purported mechanic's liens on real property of the Debtor. Mr. Gravelle's claim was listed in the bankruptcy schedules as disputed. He has failed to file a proof of claim per 11 U.S.C. 1111(a) and has failed to file any action in support of his liens filed, so no payment will be made to him.

All remaining executory contracts, including those land contracts concerning the tracts on White Lane in Campbell County, are rejected as of the date of confirmation of the Plan.  Consult your advisor or attorney for more specific information about particular contracts or leases.  If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

 The Debtor shall retain his interests in all of the remaining real property following confirmation subject only to the claims of any secured creditors who shall retain their liens until paid in full.

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for the confirmation are not met. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

The Debtor shall make and file a Final Decree within 45 days of confirmation. Pending confirmation of any plan by the Court, the Debtor shall escrow all proposed monthly payments to creditors, commencing with the October 2022 payments, by September 30, 2022. Within five days of the Order confirming this Plan, the Debtor shall distribute the accumulated payments to respective creditors. In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States Trustee until a Final Decree is entered. The

2230592v1

fee amounts shall be in compliance with 28 U.S.C. §1930(a)(6) and the Local Rules of the

U.S. Bankruptcy Court of the Eastern District of Tennessee. The Debtor shall have no

obligation to any unsecured creditor unless a creditor has filed a proof of claim to which the

Debtor has not filed an objection by June 30, 2022, or the creditor is listed in its respective

class herein and does not have unknown or objection marked next to the claim.

Should there be a default under the payments scheduled in the Plan to any creditor(s), that

creditor(s) may pursue its remedies at law without the necessity of seeking any type of relief in

the bankruptcy court.

After confirmation, the Debtor shall move to administratively close the case pursuant to

Local Rule 3022-1. Upon all payments being made under the Plan, the Debtor shall reopen the

case in order to receive a discharge.

In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United

States Trustee until the case is administratively closed. The fee amount shall be in compliance

with 28 U.S.C. §1930(a)(6) and the Local Rules of the U.S. Bankruptcy Court of the Eastern

District of Tennessee. The fee shall be payable on the last day of the calendar month following

the calendar quarter for which the fee is owed. The only requirements that will need to be

satisfied before the Debtor can file a motion to administratively close the case shall be:

1.      Confirmation Order has become final;

2.      Payments proposed under the Plan have commenced and been paid.

3.      There are no pending Motions, contested matters, or adversary proceedings.

4.      All U.S. Trustee quarterly fees have been paid.

This Court shall retain jurisdiction over any and all matters arising from and/or under

this plan including, but not limited to, any claims objections, equitable subordination claims,

2230592v1

avoidance actions and subrogation claims as set out above. No statements or information concerning the Debtor, or his assets or securities are authorized other than those set forth in the Disclosure Statement or any amendments thereto.

It is anticipated that total professional fees for the Debtor will not exceed $50,000.00, which will consist of attorney fees and accounting fees. These fees will be paid only after application to and approval by the Court. Any professional fees unpaid after approval by the Court shall be paid in equal installments of not greater than $2,500.00 monthly until paid in full. The U.S. Trustee fees will be paid in full as they become due. To the extent that there are any outstanding U.S. Trustee fees, they shall be paid in full upon confirmation and the Debtor shall not be entitled to administratively close the case until such time as all outstanding U.S. Trustee fees are paid in full.

Respectfully submitted this 9th day of September 2022.

*/s/Cheryl G. Rice*
Cheryl G. Rice, BPR #21145
EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C.
Riverview Tower14th Floor
900 S. Gay Street
Knoxville, TN  37902
(865) 546-0500
(865) 525-5293 (fax)
crice@emlaw.com
*Counsel for First National Bank of Oneida, N.A.*

2230592v1

# EXHIBIT A

BRANDT REAL PROPERTY LIST

3454 Hancock Bridge Parkway, #B6, N. Fort Myers, FL  33903 – Condo #1
2586 Tamiami Trial, Units A&B, Port Charlotte, FL 33952
2901 26th Street W., Apt. 214, Bradenton, FL 34205 – Raintree Condo
207 47th Ave. W., Apt. 214, Bradenton, FL 34207 – Burgundy Condo, Bldg. 5
2407 Palma Sol Blvd., Bradenton, FL  34209
420 Brandt Hill Lane, LaFollette, TN 37766 - 55 acres & house
351 White Lane, LaFollette, TN 37766 – tract 1 & 2 - two 8-acre tracts subject to land contract
351 White Lane, LaFollette, TN 37766 – tract 3, subject to land contract
456 Powder Mill, LaFollette, TN 37766 – 50 acres with marina rights
Alder Springs, LaFollette, TN 37766 – 5 acres
1384 Pinecrest, Jacksboro, TN 37757
306 S. Cumberland, LaFollette, TN 37766
511 E. Hemlock, LaFollette, TN 37766
Saddle Buck Estates, LaFollette, TN 37766  - 7 tracts
Tract 1 -  4.6 acres
Tract 2 – 10.66 acres
Tract 3 – 10.85 acres
Tract 4 – 10.98 acres
Tract 5 – 10.87 acres
Tract 6 – 10.44 acres
Tract 7 – 10.27 acres
416 Via Alamos, Green Valley, AZ – house
21-23 Teri Drive, West Milton, OH 45383
27-29 Woods Drive, West Milton, OH 45383
338-340 Hasket Drive, West Milton, OH 45383
484-486 Lyle, West Milton, OH 45383
468-470 Lyle, West Milton, OH 45383
476-478 Lyle, West Milton, OH 45383
429-431 Lyle, West Milton, OH 45383
437-439 Lyle, West Milton, OH 45383
479-481 Lyle, West Milton, OH 45383
471-473 Lyle, West Milton, OH 45383
487-489 Lyle, West Milton, OH
495-497 Lyle, West Milton, OH
36-38 Teri Drive, West Milton, OH 45383  (60% owner)
41-43 Teri Drive, West Milton, OH 45383
778-780 Comanche, Tipp City, OH  45371
786-788 Comanche, Tipp City, OH 45371
832-834 Comanche, Tipp City, OH 45371
3664 State Route 49, Units 1 & 2, Arcanum, OH 45304
3656 State Route 49, Units 3 & 4, Arcanum, OH 45304

4500 Mahler Drive, Dayton, OH 45424
1037-1039 Cameron Lane, Lima, OH 45805
1030-1031 Cameron Lane, Lima, OH 45805
1021-1023 Cameron Lane, Lima, OH 45805
6779-6781 Jaysville, Greenville, OH 45331
6787-6789 Jaysville, Greenville, OH 45331
Timeshare Longboat Key, FL 34228   (week #22, Parcel Unit #107)

1. First National Bank of Oneida ("FNBO") has a judgment lien on all real property. It is a first priority lien on some properties and junior lien on others.

2. Peoples Bank has a first priority lien on the eight duplex properties in West Milton, Ohio –
   a. 476-478 Lyle Drive, West Milton, OH 45383
   b. 21-23 Teri Drive, West Milton, OH 45383
   c. 27-29 Woods Drive, West Milton, OH 45383
   d. 495-497 Lyle Drive, West Milton, OH 45383
   e. 487-489 Lyle Drive, West Milton, OH 45383
   f. 484-486 Lyle Drive, West Milton, OH 45383
   g. 41-43 Teri Drive, West Milton, OH 45383
   h. 338-340 Hasket, West Milton, OH 45383

3. Sam Niswonger has a first priority lien on 471-473 Lyle, West Milton, Ohio

4. Wells Fargo directly and/or by servicer has first priority liens on –
   a. 2407 Palma Sol Blvd., Bradenton, FL
   b. 778-780 Comanche, Tipp City, Ohio
   c. Units 3 and 4 Arcanum, Ohio
   d. Units 1 and 2 Arcanum, Ohio

5. Charlotte State Bank has a first priority lien on office property in Port Charlotte, Florida

6. NRZ-Shellpoint has a first priority lien on 479-481 Lyle in West Milton, Ohio

7. US Bank c/o SPS has a first priority lien on 786-788 Comanche, Tipp City, Ohio

8. US Bank c/o PHH has a first priority lien on 429-431 Lyle, West Milton, Ohio

9. Deutsche Bank c/o PHH has a first priority lien on 437-439 Lyle, West Milton, Ohio

10. Deutsche Bank c/o PHH has a first priority lien on 4500 Mahler, Huber heights, Ohio

11. US Bank c/o SPS has a first priority lien on 832-834 Comanche, Tipp City, Ohio

12. Cole & Cole has a first priority lien on 202 W. 47th Ave., Unit 133, Bradenton, Florida

2230594v1

13. Peoples Bank of the South has a first priority lien on the White Lane property in LaFollette, Tennessee

14.  Ron Wiley has a first priority lien on 3454 Hancock Bridge, B6, North Ft. Myers, Florida

15.  Ron Wiley has a first priority lien on 2901 26th Street, Apt. 214, Bradenton, Florida

16.  Dempsey Lumpkins & Miller has a first priority lien on two tracts on White Lane, LaFollette, Tennessee

2230594v1

# EXHIBIT B   Unsecured

| | | |
|---|---|---|
| First National Bank of Oneida<br>c/o Mr. Mark Kline<br>P.O. Box 4699<br>Oneida, TN 37841 | $25,675.77 | Judgment |
| David Winchester, Esquire<br>1915 Old Jacksboro Pike<br>La Follette TN 37766 | unknown | legal services |
| Fund Box<br>6900 Dallas Parkway, Suite 700<br>Plano TX 75024 | $8,925.00 | loan |
| R. John Cole, II, Esquire<br>Cole & Cole Law, PA<br>46 N. Washington Blvd, Ste 24<br>Sarasota FL 34236 | $31,970.00 | legal services |
| Small Business Administration<br>District Director<br>2 International Plaza<br>Suite 500<br>Nashville TN 37217 | $14,900.00 | COVID loan |
| Mayer & Newton<br>1111 N. Northshore Drive<br>Suite S-570<br>Knoxville, TN   37919 | $20,000.00 | legal services |
| Amy C. Boohaker<br>1317 Edgewater Drive<br>Suite 5775<br>Orlando, FL  32804-5775 | $22,544.00 | legal services |
| Synchrony Bank<br>c/o PRA Receivables<br>P. O. Box 41031<br>Norfolk, VA  23541 | $584.00 | credit card |
| Kubota Credit Corporation<br>PO Box 2313<br>Carol Stream, IL 60132 | $1,944.00 | tractor |

2230594v1

Resurgent Capital Services          $10,851              Credit Card
PO Box 19008
Greenville, SC 29602

2230594v1